# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY T. MURRY,

    Plaintiff,

v.                                      Case No. 18-CV-1576

CATHY JESS,
WARDEN SCOTT ECKSTEIN, and
CAPT VANLANEN,

    Defendants.

## ORDER

Timothy T. Murry, a *pro se* inmate at Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by denying him access to the court. This matter is before the court on Murry's motion to proceed without prepayment of the civil case filing fee (ECF No. 2) and for screening of his complaint (ECF No. 1).

The court has jurisdiction to resolve Murry's motion to proceed without prepayment of the filing fee and to screen the complaint in light of Murry's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, if they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 11, 2019, the court ordered Murry to pay an initial partial filing fee of $3.20. (ECF No. 12.) Murry paid the fee on February 5, 2019. As such, the court will grant his motion. Murry will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

2. **Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1  *Allegations in the Complaint*

Murry asserts that the Department of Corrections, Secretary Cathy Jess, and GBCI Warden Scott Eckstein adopted and implemented a "no ink pen or pencil in segregation" policy. (ECF No. 1 at 3.) He states that this policy, however, impedes his ability to access the courts. He says that because inmates in segregation can no longer have these writing utensils, GBCI provides them with rubber lead pencils. However, these rubber pencils do not work well with inmate complaint forms, the first step to proceeding on any claim in federal court.

Particularly, he states that on October 3, 2018, he filed an inmate complaint regarding separate issues—his conditions of confinement and the obstruction of his mail—using a rubber lead pencil. The complaint, however, was returned to him

because "it [was] illegible…The writing in the complaint [was] too light to read or scan into the ICR." (*Id.*) When Murry asked for a black crayon to re-draft the complaint, he was told by segregation staff that "they did not have any." (*Id.* at 4.)

Murry asserts that he was only able to draft the complaint for this federal case with the assistance of another inmate's carbon paper. Murry seeks injunctive relief and compensatory and punitive damages.

     2.2    *Analysis*

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, the first steps in effectuating the grievance process involves an inmate filing a complaint with the institution complaint examiner within

4

fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6).

Thus, Murry's contentions regarding his ability to initiate the process, file an inmate grievance, is significant as failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025. However, Murry has not shown that this issue is ripe for adjudication at this time.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and internal quotations omitted). Murry has not alleged that the officials' actions have already resulted in his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). (quotation omitted); *see Lehn v. Holmes*, 364 F.3d 862, 865–66 (7th Cir. 2004) (noting that to state an access-to-courts claim, a plaintiff must allege that "prison officials failed to assist in the preparation and filing of meaningful legal papers [*and*] some quantum of detriment caused by the challenged conduct[.]") (emphasis added). He alleges that he had one inmate complaint returned because the writing was too light and that when he asked for a black crayon to rewrite the complaint in a darker pigment, the segregation unit did not have any at that time. However, he has not shown that this has inhibited his ability to file a suit under § 1983 in this court on the issues discussed in that returned inmate complaint or any complaint.

Moreover, even if he was prevented from ultimately filing the inmate complaint, it would not bar his ability to file his case with the federal court on those issues. Indeed, failure to exhaust administrative remedies is an affirmative defense to issues raised in a complaint. Meaning, it is only used in a case if the state moves to employ it in defense of the plaintiff's claims. From there, the state would have to show that the required administrative remedies were available to the plaintiff, but he failed to use them. *See* 42 U.S.C. § 1997e(a) (an inmate is only required to exhaust the administrative remedies that are "available" to him). The remedy must be "available" not only in form, but in fact. *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013). In such an instance, Murry's argument, as alleged, may have merit. But it is only after it proves not to be meritorious, that he could possibly have an access-to-court claim. However, such an instance is contingent upon future events that have yet to occur if at all. Thus, Murry may not proceed with his case at this time.

**IT IS THEREFORE ORDERED** that Murry's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the agency having custody of Murry shall collect from Murry's institution trust account the $346.80 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Murry's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Murry is transferred to another county, state, or federal institution the transferring institution shall forward a copy of this Order along with Murry's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Murry is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal

Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2019.

                                                **BY THE COURT:**

                                                *s/Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge